Qu v. Bondi

BIA
A073 134 515

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand twenty-five.

PRESENT:
> GUIDO CALABRESI,
> REENA RAGGI,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

_____

JIN HUAI QU,
> *Petitioner*,

v.                                                              **12-688**
                                                                 **NAC**

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:             Yen-Yi Anderson, Anderson and Associates Law, P.C., New York, NY (Theodore N. Cox, New York, NY, *on the brief*).

**FOR RESPONDENT:**              Stuart F. Delery, Acting Assistant Attorney
                                 General; Cindy S. Ferrier, Assistant Director;
                                 Nairi S. Gruzenski, Trial Attorney, Office of
                                 Immigration Litigation, United States
                                 Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jin Huai Qu, a native and citizen of the People's Republic of China, seeks review of a February 3, 2012 decision of the BIA, denying his motion to reopen his exclusion proceedings. *In re Jin Huai Qu*, No. A073 134 515 (B.I.A. Feb. 3, 2012). We assume the parties' familiarity with the underlying facts and procedural history.

As an initial matter, we deny Qu's request to file a supplemental brief because the relevant law has not changed since he filed his opening brief. Further, we "may not order the taking of additional evidence" as our review is limited to "the administrative record on which the order of removal is based," 8 U.S.C. § 1252(a)(1), (b)(4)(A), and we do not remand for the BIA to consider new documentary evidence where, as here, "the agency regulations set forth

2

procedures to reopen a case before the BIA for the taking of additional evidence," *Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 262 (2d Cir. 2007).

We review the BIA's denial of a motion to reopen for abuse of discretion and findings regarding changed country conditions for substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008). Movants seeking to reopen proceedings generally may file a motion no later than 90 days after the date on which the final administrative decision was rendered, 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2), but the time limit does not apply if the motion is filed to apply for asylum "and is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding," 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii) (excusing time limit for "changed circumstances arising in the country of nationality").

"When reviewing whether . . . evidence established changed country conditions, the BIA must 'compare the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below.'" *Tanusantoso v. Barr*, 962 F.3d 694, 698 (2d Cir. 2020) (quoting *In re S-Y-G-*, 24 I. & N.

3

Dec. 247, 253 (B.I.A. 2007)). "Change that is incremental or incidental does not meet the regulatory requirements for late motions of this type." *In re S-Y-G-*, 24 I. & N. Dec. at 257. The BIA did not err in finding that Qu failed to establish a material change in the treatment of Christians in China or increased enforcement of the Chinese family planning policy as required to excuse the untimely filing of his motion.

As the BIA found, the country conditions evidence shows a decades-long effort by the Chinese government to control religious doctrine and repress unsanctioned religious groups, which has included intermittent crackdowns on religious growth. Accordingly, the BIA was not compelled to conclude that Qu had established a change in conditions material to his fear of harm as a Christian that would excuse his untimely filing. *See* 8 U.S.C. § 1229a(c)(7)(C); *Jian Hui Shao*, 546 F.3d at 171; *see also In re S-Y-G*, 24 I. & N. Dec. at 257. Thus, we need not reach the BIA's alternative basis for denying Qu's motion—his failure to establish that Chinese officials would likely discover his practice of Christianity. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

The BIA also did not abuse its discretion in finding that Qu failed to show a material change in the enforcement of the family planning policy since his hearing in 2000.[1] We have held that an IJ may err in rejecting government documents solely based on a failure to properly authenticate pursuant to the agency's regulations. *See Cao He Lin v. U.S. Dep't of Just.*, 428 F.3d 391, 404–05 (2d Cir. 2005). But in the context of a motion to reopen where the BIA is asked "to consider a document—questionable on its face, supported only by a [relative's] affidavit, and not authenticated pursuant to regulation—that attempts to establish the sweeping proposition that subsequent to the date of the petitioner's entry into the country and application for asylum, country conditions had undergone a material adverse change sufficient to affect his petition for asylum," *Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 149 (2d Cir. 2007), a decision to reject that document may not constitute an abuse of discretion. *See In re S-Y-G-*, 24 I. & N. Dec. at 251 n.2 (providing that a movant must "make an effort to demonstrate the authenticity of evidence submitted with a motion to reopen."). Here, the BIA did not abuse its discretion in declining to credit an unauthenticated village committee notice stating that Qu

---

[1] We note that China ended its "one-child policy" and began permitting two children per married couple in 2016, and three children per married couple in 2021.

5

was a target for sterilization because it was prepared by an undisclosed author and was handwritten and unsigned. *See Qin Wen Zheng*, 500 F.3d at 149; *see also Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."); *Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 214 (BIA 2010) (declining to credit village committee documents that "were obtained for the purpose of the hearing, are unsigned and unauthenticated and fail to even identify the authors"), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012). Moreover, the notice, as well as other unauthenticated government documents, do not demonstrate a change in conditions in China but merely state that individuals with more than one child, like Qu, are subject to a sterilization requirement, which was the same condition Qu had alleged and documented in his earlier proceedings. *See Tanusantoso*, 962 F.3d at 698; *see also Jian Hui Shao*, 546 F.3d at 165 (finding no error in the BIA's decision insofar as it "declined to infer a reasonable possibility of . . . persecution from [a] reference . . . to mandatory sterilization for unauthorized births, explaining that no record evidence indicated that the mandate is implemented through physical force or other means that would amount to persecution" (internal quotation marks and citation omitted)); *Matter of*

6

*H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. at 215 (pointing out that a village committee notice did not "specif[y] the penalties for refusing to undergo sterilization following the birth of a second child").

On this record, the BIA did not err in finding that Qu failed to demonstrate a material change in conditions in China to excuse his untimely filing of his motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7